UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EARL WRIGHT, RAMONA HOLDEN, ETTA WILLIAMS, MICHAEL HAMILTON, JOSEPH EKO, LINDA PHILLIPS, ELAINE WILHELM, ANTHONY GILLESPIE, MARK CARLISLE, VERNITA JESSIE, CHERYL RIFE, SANDY SAMENS, RUTHIE ORTIZ SOUDJIAN, <br><br>                   Plaintiffs, <br><br>       v. <br><br> PUBLISHERS CLEARING HOUSE, INCORPORATED and PUBLISHERS CLEARING HOUSE, LLC, <br><br>                   Defendants. | Case No. 2:18-cv-02373 (ADS)(AYS) |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT, STRIKE CLASS
ALLEGATIONS AND, IN THE ALTERNATIVE, COMPEL ARBITRATION**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Defendants Publishers
Clearing House, Incorporated and
Publishers Clearing House, LLC*

# TABLE OF CONTENTS

ARGUMENT ........................................................................................................................ 1

    I.     PLAINTIFFS LACK STANDING UNDER GBL SECTION 349 BECAUSE THEIR TRANSACTIONS DID NOT OCCUR IN NEW YORK .......................... 1

    II.    PLAINTIFFS FAIL TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ...................................................... 3

          A.     Plaintiffs Fail To Allege That PCH's Materials Are Deceptive ................. 3

          B.     Plaintiffs Fail To Tie Any Allegedly Deceptive Statements To Their Purported Injuries ....................................................................................... 4

          C.     Plaintiffs Fail To Allege A Cognizable Injury Under The Price Premium Theory ......................................................................................................... 5

    III.   EVEN IF INDIVIDUAL GBL § 349 CLAIMS SURVIVE, THE CLASS ALLEGATIONS SHOULD BE STRICKEN ......................................................... 8

    IV.   ANY SURVIVING INDIVIDUAL CLAIM WOULD BE SUBJECT TO MANDATORY ARBITRATION ....................................................................... 10

CONCLUSION ................................................................................................................. 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................................6

*Bogosian v. All American Concessions*,
  2008 WL 4534036 (E.D.N.Y. Sept. 30, 2008) (Mauskopf, J.)..................................................4

*Belfiore v. Procter & Gamble Co.*,
  94 F. Supp. 3d 440 (E.D.N.Y. 2015) (Weinstein, J.)................................................................4

*Colella v. Atkins Nutritionals, Inc.*,
  348 F. Supp. 3d 120 (E.D.N.Y. 2018) (Matsumoto, J.).........................................................6, 7

*Cruz v. FXdirectdealer, LLC*,
  720 F.3d 115 (2d Cir. 2013)...................................................................................................1, 2

*In re Currency Conversion Fee Antitrust Litig.*,
  230 F.R.D. 303 (S.D.N.Y. 2004)..............................................................................................9

*Daniel v. Mondelez Int'l, Inc.*,
  287 F. Supp. 3d 177 (E.D.N.Y. 2018) (Brodie, J.)...................................................................8

*Derbaremdiker v. Applebee's Int'l, Inc.*,
  2012 WL 4482057 (E.D.N.Y. Sept. 26, 2012) (Matsumoto, J.)...............................................8

*Egan v. Telomerase Activation Scis., Inc.*,
  127 A.D.3d 653 (1st Dep't 2015) .............................................................................................9

*Goshen v. Mutual Life Ins. Co. of N.Y.*,
  98 N.Y.2d 314 (2002) ............................................................................................................1, 2

*Greene v. Gerber Prod. Co*,
  262 F. Supp 2d 28 (E.D.N.Y. 2017) (Brodie, J.) .....................................................................7

*Horowitz v. Stryker Corp.*,
  613 F. Supp. 2d 271 (E.D.N.Y. 2009) (Trager, J.) ..................................................................4

*Izquierdo v. Mondelez Int'l, Inc.*,
  2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016).........................................................................6, 7

*Jensen v. Cablevision Sys. Corp.*,
  372 F. Supp. 3d 95 (E.D.N.Y. 2019) (Spatt, J.).......................................................................9

*Koenig v. Boulder Brands, Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y. 2014) .................................................................................. 6

*Morrison v. Hoffmann-La Roche, Inc.*,
    2016 WL 5678546 (E.D.N.Y. Sept. 29, 2016) (Irizarry, C.J.) .................................................. 4

*Mouzon v. Radiancy, Inc.*,
    85 F. Supp. 3d 361 (D.D.C. 2015) ........................................................................................ 2

*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d Cir. 2015) ............................................................................................. 6, 8

*Pentair Water Treatment (OH) Co. v. Cont'l Ins. Co.*,
    2009 WL 1119409 (S.D.N.Y. Apr. 26, 2009) ....................................................................... 2

*Schlessinger v. Valspar Corp.*,
    686 F.3d 81 (2d Cir. 2013) .................................................................................................. 1

*Sharpe v. Puritan's Pride, Inc.*,
    2019 WL 188658 (N.D. Cal. Jan. 14, 2019) ......................................................................... 2

*SimplexGrinnell L.P. v. Integrated Sys. & Power, Inc.*,
    642 F. Supp. 2d 167 (S.D.N.Y. 2009) .................................................................................. 2

*Solomon v. Bell Atl. Corp.*,
    9 A.D.3d 49 (1st Dep't 2004) .............................................................................................. 9

*Sultan v. Coinbase, Inc.*,
    354 F. Supp. 3d 156 (E.D.N.Y. 2019) (Block, J.) ............................................................... 10

*Voronina v. Scores Holding Company, Inc.*,
    2017 WL 74731 (S.D.N.Y. Jan. 5, 2017) ............................................................................. 2

*Weiner v. Snapple Beverage Corp.*,
    2011 WL 196930 (S.D.N.Y. Jan. 21, 2011) ......................................................................... 7

**Rules**

Fed. R. Evid. Rule 1003 ............................................................................................................... 4

**ARGUMENT**

I.  **PLAINTIFFS LACK STANDING UNDER GBL SECTION 349 BECAUSE THEIR TRANSACTIONS DID NOT OCCUR IN NEW YORK**

In its March 12, 2019 Decision dismissing Plaintiffs' original Complaint, this Court held that the existence of a New York choice of law provision and PCH's New York residency were insufficient to support standing to bring a General Business Law ("GBL") § 349 claim. (Dkt. No. 31, (the "Decision") at 8.) Plaintiffs failed to correct this deficiency in their Amended Complaint. The additional allegations in the Amended Complaint as to what Plaintiffs claim to be "substantial acts" in New York, (Opp at 5), are just other ways of saying that Defendants (collectively "PCH") resides in New York, which this Court has already held is insufficient to support GBL § 349 standing. The arguments in the Opposition do not overcome this pleading deficiency.

Plaintiffs first make the legally erroneous argument that the controlling authority mandating dismissal under GBL § 349, *Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314 (2002), has been "rejected" by federal courts in the Second Circuit. (Opp at 3.) This argument is clearly baseless, as it is well-established that federal courts must defer to the State high court's interpretation of New York law, such as the GBL here. *See, e.g.*, *Schlessinger v. Valspar Corp.*, 686 F.3d 81, 88 (2d Cir. 2013). As *Goshen* remains controlling law, non-New York residents must plead a deception that occurred in New York to have standing under GBL § 349.

Plaintiffs then misconstrue *Cruz v. FXdirectdealer, LLC*, 720 F.3d 115 (2d Cir. 2013), as inconsistent with *Goshen*. Among other things, the *Cruz* plaintiffs alleged that the defendant "hijacked" plaintiffs' profits in New York. *Id*. Plaintiffs have not made similar allegations in this case. Plaintiffs have not alleged that they received deceptive advertisements in New York, nor that they placed orders from New York; thus any injury would have occurred outside New York State.

The *Cruz* court acknowledged that its holding "was a close call"; here, *Cruz* is inapplicable. *Id.* at 123. The facts here are much closer to those of *Goshen* than those in *Cruz*.

Plaintiffs only repeat the argument, already rejected by this Court, that they have standing because PCH is headquartered in New York. All of the alleged "substantial acts" in New York that they cite—namely, that New York is where PCH's business is located, where PCH originated its marketing plan and where PCH filled consumer orders (Opp 3-4)—are different ways of saying that PCH is located in New York. Plaintiffs do not add anything toward a showing that they were deceived in New York, which is essential to establish standing to assert a claim under GBL § 349. Each of the factors cited by Plaintiffs has previously been rejected by District Courts as a basis for standing. *See Pentair Water Treatment (OH) Co. v. Cont'l Ins. Co.*, 2009 WL 1119409, at *4 (S.D.N.Y. Apr. 26, 2009) (defendant's business location in New York is insufficient.); *SimplexGrinnell L.P. v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 167, 203 n.19 (S.D.N.Y. 2009) and *Mouzon v. Radiancy, Inc.*, 85 F. Supp. 3d 361, 376 (D.D.C. 2015) (marketing plan originated in New York is insufficient); *Sharpe v. Puritan's Pride, Inc.*, 2019 WL 188658, at *3 (N.D. Cal. Jan. 14, 2019) (fulfilling of purchases in New York is insufficient). As these authorities make clear, a plaintiff must allege *something more* than the bare facts that a New York-based defendant printed allegedly deceptive materials in New York that caused alleged injuries out-of-state. In *Cruz*, that *something more* included the hijacking of the plaintiffs' funds in New York. The *something more* is completely lacking in this case.

Plaintiffs mischaracterize PCH's argument to be that because Plaintiffs do not reside in New York, they cannot have standing under GBL § 349. (Opp at 5.) PCH does not dispute that out-of-state plaintiffs *could* plead a transactional connection to New York under GBL § 349 when the alleged deception *occurs in* New York, as it did in *Cruz*. *See, e.g., Voronina v. Scores Holding*

2

*Company, Inc.*, 2017 WL 74731, at *4 (S.D.N.Y. Jan. 5, 2017) (out-of-state plaintiffs were harmed by deception that occurred in New York).  However, the out-of-state Plaintiffs in this case have pled only that they were harmed by a deception made by a New York-based business, which is clearly insufficient.

Plaintiffs argue in their Opposition that the core of their Amended Complaint is deceptive marketing practices. (Am. Compl. ¶ 1; Opp at 3). Yet Plaintiffs have made no allegation from which this Court could conclude that they were deceived within New York. Absent any additional allegations showing that deception or injury occurred within New York—which plaintiffs have not alleged and cannot allege—the Court can only construe the Amended Complaint as alleging that any and all deception and injury occurred outside of New York. (Opp at 3.)

For these reasons, the Amended Complaint must be dismissed for lack of standing.

## II. PLAINTIFFS FAIL TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. Plaintiffs Fail To Allege That PCH's Materials Are Deceptive

Plaintiffs acknowledge that they have attached an exhibit to their Amended Complaint that is a collage of scraps and excerpts from PCH's materials rather than an actual advertisement in the form as distributed by PCH. Plaintiffs utilize this self-created pastiche to argue the materials are deceptive without ever alleging any fact sufficient to show that any plaintiff was presented with the materials in the combination or form in which they are annexed to the Amended Complaint.

By basing their claim on their own self-created pastiche, and not the actual materials as any individual Plaintiff claims to have received them, Plaintiffs have not pleaded their claim *in hac verba*, as required. Plaintiffs' use of a self-created exhibit that differs radically from the advertising of which they ostensibly complain, raises significant issues of authenticity and fairness

that calls into question the reliability of the Amended Complaint as a basis for these proceedings. *Cf.* Rule 1003, Fed. R. Evid. Their Amended Complaint should be dismissed for this pleading failure alone.

### B. Plaintiffs Fail To Tie Any Allegedly Deceptive Statements To Their Purported Injuries

In dismissing the original Complaint, this Court made clear that in order to survive a motion to dismiss, Plaintiffs' alleged facts "must tether [the] deception to their individual circumstances." (Decision at 9.) Plaintiffs have completely ignored the Court's admonition. In their Amended Complaint, Plaintiffs once again fail to connect the alleged deception with their purported damages and merely allege that they viewed the deceptive marketing *and* purchased products from PCH after seeing them. (Am. Compl. ¶¶ 4, 7, 9-16.); (*see also id*. ¶¶ 5-6, 8 (alleging three plaintiffs merely used PCH Search & Win "and" have been customers.)) Disregarding the Court's guidance, Plaintiffs argue in their Opposition that this Court should infer a causal connection between the deception and Plaintiffs' injuries. This is insufficient. A possible (and highly dubious) inference does not meet Plaintiffs' burden of pleading how Plaintiffs themselves were deceived. Plaintiffs noticeably omit any facts regarding Plaintiffs' "individual circumstances." (Opp at 15; Decision at 9.) *See Bogosian v. All American Concessions*, 2008 WL 4534036, at *4 (E.D.N.Y. Sept. 30, 2008) (Mauskopf, J.) ("[d]efendants should not be required to infer from the pleadings the critical facts and the operative legal standard underlying a claim [under GBL § 349].").

Plaintiffs have failed to allege facts establishing "deceptive acts engaged in by defendant, [with] a connection between deceptive acts and *specific* injury suffered by recipient." *See Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 287 (E.D.N.Y. 2009) (Trager, J.) (emphasis added); *Morrison v. Hoffmann-La Roche, Inc*., 2016 WL 5678546, at *12 (E.D.N.Y. Sept. 29, 2016)

4

(Irizarry, C.J.); *c.f. Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 446 (E.D.N.Y. 2015) (Weinstein, J.). While Plaintiffs argue that they are not required to tie a specific purchase to a specific advertisement to prove causation (Opp at 15), they fail to cite to any authority in support of this broad and loose proposition, which is contrary to the weight of authority.

Plaintiffs categorize PCH's marketing materials using hypothetical, generic groups such as "creating urgency," "a winning moment," "special relationship", and "obligation," without pointing to any specific advertising materials containing specific misrepresentations from which this Court could draw a causal link to *any* Plaintiff's alleged damages. (Am. Compl. ¶ 39.) This pleading failure also lays bare the falsity of Plaintiffs' argument that they provided this Court with the specific advertisements seen by the Plaintiffs. (Opp at 16.) In fact, Plaintiffs have not alleged or submitted the specific advertisements seen by a number of Plaintiffs. (Am. Compl. ¶ 56.) This pleading failure is compounded by the fact that Plaintiffs have failed to allege why or how any specific advertisement led any particular individual Plaintiff to believe he or she would have an increased chance of winning the sweepstakes by purchasing a product.

    **C.**    **Plaintiffs Fail To Allege A Cognizable Injury Under The Price Premium Theory**

In their Amended Complaint, Plaintiffs have again failed to sufficiently allege any cognizable injury under GBL § 349. Plaintiffs have failed to fix this problem even though this Court in dismissing Plaintiffs' original Complaint provided them with a roadmap to overcome this infirmity by suggesting that if Plaintiffs were able to "articulate an actual pecuniary harm, such as paying a higher price for the product than it was worth," they could then sufficiently allege the injury element of their GBL § 349 claim. (Decision at 10).

Plaintiffs' failed attempt to satisfy their burden consists solely of the clearly insufficient conclusory assertion that "Plaintiffs paid a premium or higher price for products than what those products were worth." (Am. Compl. ¶ 103(a); Opp at 17.) *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (holding that conclusory assertions are not entitled to a presumption of truth). Plaintiffs provide no further facts to support their contention than summarily alleging they paid for shipping and related fees in addition to the product price when it is undisputed that Plaintiffs' obtained their purchased products and benefited from the products being shipped to them. Plaintiffs thus received the benefit of their bargain.

To sufficiently plead injury, Plaintiffs must allege that "on account of a materially misleading practice, [they] purchased a product and did not receive the full value of [their] purchase." *See Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016) (quoting *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015)). Injury can "come in the form of an overpayment or 'price premium,' whereby a plaintiff pays more than []he would have but for the deceptive practice." *Id*. (citing *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 288-289 (S.D.N.Y. 2014)). "Simply ... recit[ing] the word 'premium' multiple times in [the] Complaint does not make Plaintiffs' injury any more cognizable." *Id; see Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) (Matsumoto, J.).

Instead of alleging a factual basis for their price premium theory of damages, Plaintiffs rely upon conclusory legal statements. Plaintiffs aver they paid a premium for PCH's products and argue they should not have to provide precisely comparable products to sustain their claim. (Opp at 19.) But here, Plaintiffs have not even met the minimum requirement of alleging which products they purchased much less provided facts to ascertain pricing of comparable products. Moreover, numerous District Courts have held that a plaintiff, under the premium price theory of injury, is

6

required to allege facts establishing (1) that plaintiff paid a higher price for the product in question and (2) could have purchased a comparable product at a lower price. *See, e.g.*, *Colella*, 348 F. Supp. 3d at 143; *Weiner v. Snapple Beverage Corp.*, 2011 WL 196930, at *3 (S.D.N.Y. Jan. 21, 2011).

The case of *Izquierdo v. Mondelez Int'l, Inc.* is instructive. In *Izquierdo*, the plaintiffs brought a putative class action alleging that defendant deceptively packaged its candy to give the appearance that the boxes contained more candy than they actually did, and that this conduct violated GBL § 349. *See* 2016 WL 6459832, at *1-2. The court dismissed the plaintiffs' Complaint because they failed to allege an injury as required to sustain their GBL §349 claim, finding plaintiffs' conclusory assertions that they paid a price premium was insufficient as a matter of law because the plaintiffs have "impermissibly set up the deception as both act and injury, a theory specifically disallowed by our courts." *Id.* at 7.

Even in *Greene v. Gerber Prod. Co*, cited by Plaintiffs (Opp. at 17), the plaintiffs provided the court with a comparable product that was priced lower than the product at issue and did not contain the allegedly misleading statement. 262 F. Supp. 3d 38, 68 (E.D.N.Y. 2017) (Brodie, J.). The *Greene* court held that on a motion to dismiss it would not make a factual determination on whether the alleged comparable product was indeed comparable. *Id.* at 69. Here, PCH has not asked this Court to make a factual determination on whether a product is comparable. Assuming the truth of Plaintiffs' allegations at this juncture, PCH is not even on notice as to which products Plaintiffs purchased or which products are even assumed to be comparable at a lower price point.

Nor have Plaintiffs met their burden by alleging that they paid a premium price because they mistakenly believed that a purchase would improve their chances of winning because they have failed to allege how the value of the products and the chance-to-win together would have

7

been either less or more than the price paid. None of Plaintiffs' price premium cases stand for the proposition that a plaintiff suffers a cognizable injury if a plaintiff alleges (s)he paid a higher price for a product because a plaintiff mistakenly believed (s)he was purchasing a product *plus* an increased chance-to-win a sweepstakes. (Opp at 17-19.) Instead, Plaintiffs' cases finding injury pertain to products purchased that contained less of that specific product than advertised. *See, e.g.*, *Orlander*, 802 F.3d at 301; *Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 195 (E.D.N.Y. 2018) (Brodie, J.). Contrary to Plaintiffs' position, in *Derbaremdiker v. Applebee's Int'l, Inc.*, the court expressly rejected the contention that a plaintiff was actually injured when he mistakenly believed that he had an increased chance of winning a sweepstakes after dining at defendant's restaurant. *Derbaremdiker v. Applebee's Int'l, Inc.*, 2012 WL 4482057 (E.D.N.Y. Sept. 26, 2012) (Matsumoto, J.), *aff'd*, 519 F. App'x 77 (2d Cir. 2013). This Court should likewise find Plaintiffs have not suffered a cognizable injury under GBL § 349.

Plaintiffs have thus failed to sufficiently allege facts to support a price premium theory of damages.

For all of these reasons, plaintiffs have failed to state a claim upon which relief can be granted and the Amended Complaint should be dismissed with prejudice as a result.

### III. EVEN IF INDIVIDUAL GBL § 349 CLAIMS SURVIVE, THE CLASS ALLEGATIONS SHOULD BE STRICKEN

As shown in the opening brief in support of this motion to dismiss, Plaintiffs' proposed class could never be certified based on the four corners of the Amended Complaint due to the lack of numerosity, predominance of class wide issues, and typicality. In an attempt to rehabilitate their class claims, Plaintiffs merely direct this Court to one advertisement that they allege was seen by a few Plaintiffs, or categories into which they attempt to shoehorn all advertisements. (Opp at 22-

23.) Setting aside the obvious problem that Plaintiffs have not even alleged a single advertisement or set of advertisements that was seen by the entire class they seek to represent, Plaintiffs' arguments are legally insufficient for at least three fundamental reasons.

First, the proposed class lacks numerosity. "Because plaintiffs failed to show that any other putative class members made the relevant transactions in New York, they [lack standing and] failed to meet the numerosity requirement." *Egan v. Telomerase Activation Scis., Inc*., 127 A.D.3d 653, 653 (1st Dep't 2015); *see supra* at 1-3.

Second, Plaintiffs fail to establish common class issues. To prevail each plaintiff would have to show that PCH's multiple disclosures that buying does not help one's chances of winning the sweepstakes were inadequate and that consumers were thus deceived into purchasing PCH's products. Such individual analysis on causation predominates and is not appropriate for class wide treatment. *See In re Currency Conversion Fee Antitrust Litig*., 230 F.R.D. 303, 311 (S.D.N.Y. 2004) (denying class certification because of individual analysis of disclaimers' affect). Likewise, as the Complaint exhibits establish, each consumer was sent different materials, thus, "Plaintiffs have not demonstrated that all members of the class saw the same advertisements" or that they saw the advertisements before making their alleged purchases, thus, the individual issues of plaintiffs' exposure predominate. *Solomon v. Bell Atl. Corp*., 9 A.D.3d 49, 53 (1st Dep't 2004).

Third, in their Opposition, Plaintiffs do not dispute that their proposed class may not be certified because it contains individuals who are subject to a mandatory arbitration provision that included a class action waiver. (Am. Compl. ¶ 71.) The existence of an arbitration provision thus precludes class certification on typicality grounds. *See Jensen v. Cablevision Sys. Corp*., 372 F. Supp. 3d 95, 124 (E.D.N.Y. 2019) (Spatt, J.).

9

For these reasons, if any GBL § 349 claims survive the substantive motion to dismiss, PCH's motion to strike the class allegations should be granted.

## IV.    ANY SURVIVING INDIVIDUAL CLAIM WOULD BE SUBJECT TO MANDATORY ARBITRATION

Plaintiffs Opposition brief on the issue of mandatory arbitration is suffused with factual assertions contrary to the record and incorrect legal propositions too voluminous to detail given the page restrictions on this reply brief. To summarize a few:

1. While Plaintiffs assert that "Wilhelm and Ferrell … did not use the website" and thus, could not have assented to the online Terms of Use ("TOU") (Opp at 25), Ms. Ferrell previously submitted an affidavit stating that she registered online and regularly used the website. (DE 22-2, Affidavit of Cynthia Ferrell.)

2. Plaintiffs' claim that the TOU were not presented before registration or on "multiple successive webpages" is false. (Opp. at 30-31.) The registration page clearly shows a TOU hyperlink below the registration button. (Siegal Dec., Ex. A.) Hyperlinks are also provided on several other pages, including the homepage. Plaintiffs' own screenshots confirm this. (DE 23-9 at 4, 6-7.) Indeed, one could visit the homepage right now and see a TOU hyperlink at the bottom. *See* PCH Homepage, available at: www.pch.com (last visited June 4, 2019).

3. Plaintiffs admit to registering online but argue that they never actually read the TOU. (Opp. at 25-26.) "Actual notice, however, is irrelevant." *Sultan v. Coinbase, Inc.*, 354 F. Supp. 3d 156, 161 (E.D.N.Y. 2019) (Block, J.).  Plaintiffs had *inquiry* notice and that is sufficient. *Id.*

The balance of Plaintiffs' arguments against mandatory arbitration are equally unfounded and must be rejected.

## CONCLUSION

For the reasons set forth above and in the moving papers, PCH respectfully requests that its motion be granted, and that Plaintiffs' Amended Complaint be dismissed in its entirety, with prejudice.

Dated: June 13, 2019

Of Counsel:
Linda A. Goldstein

**BAKER & HOSTETLER LLP**

By: /s/ John Siegal
John Siegal
jsiegal@bakerlaw.com
Erica Barrow
ebarrow@bakerlaw.com
Thomas Howley
thowley@bakerlaw.com
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201

Paul G. Karlsgodt (*pro hac vice*)
pkarlsgodt@bakerlaw.com
1801 California Street, Suite 4400
Denver, Colorado 80202
Tel: (303) 861-0600
Fax: (303) 861-7805

*Attorneys for Defendants Publishers Clearing House, Incorporated and Publishers Clearing House, LLC*